UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CAPITALKEYS, LLC,**<br><br>     Plaintiff,<br><br>          v.<br><br>**CIBER, INC.,**<br><br>     Defendant. | Civil Action No. 11-00975 (JDB) |

## MEMORANDUM OPINION AND ORDER

Plaintiff CapitalKeys, LLC ("CK") brings this breach of contract and unjust enrichment action against defendant CIBER, Inc. ("CIBER") based on CIBER's alleged failure to pay for services rendered under a contract. During discovery, CK complained to CIBER and this Court that CIBER had violated discovery rules by failing to timely produce internal emails relating to CK. Now before the Court is [18] plaintiff's motion to recover attorney's fees under Federal Rule of Civil Procedure 37. For the following reasons, the Court will deny the motion.

I. Background

CK served CIBER with Interrogatories and Requests for Production of Documents on August 12, 2011. Pl.'s Mot. to Recover Att'ys Fees Under Rule 37 ("Pl.'s Mot.") [Docket Entry 18] ¶ 1. CIBER produced some documents on November 11, but the response did not include internal emails between CIBER employees relating to CK. Id. ¶¶ 3-4. Based on subsequent deposition testimony, CK believed that between thirty-four and eighty internal emails were not disclosed. Id. ¶¶ 12-16. After discussion between the parties failed to resolve the dispute, this Court issued an Order on January 18 requiring CIBER to produce its internal emails by February

1, 2012. On that date, CIBER produced sixteen internal emails dated between March and November 2010 (in addition to other emails not relevant here), but did not include internal emails from the time period between November 15, 2010 and January 15, 2011. Def.'s Memo. in Opp'n to Pl.'s Mot. ("Def.'s Opp'n") [Docket Entry 20] at 4-6.

CK conveyed its dissatisfaction with the partial disclosure to CIBER, but CIBER claimed during a February 6 phone conversation that it would suffer hardship and expense in having to produce additional emails stored on backup tapes. Pl.'s Mot. ¶ 26; Def.'s Opp'n at 5-6. Following a telephonic conference with this Court on February 9, the parties agreed, and this Court ordered, that CIBER would produce any emails from November 2010 through January 2011 to and from four CIBER employees relating to CK by March 8, 2012. CIBER produced six new emails on March 8 and identified several more privileged emails. Def.'s Opp'n at 6-7; Pl.'s Reply Mem. in Support of Pl.'s Mot. ("Pl.'s Reply") [Docket Entry 21] at 2. Before this production, CK moved to recover attorney's fees from CIBER under Rule 37 due to CIBER's delayed production.

II. Discussion

After a party makes a successful motion to compel an answer to a discovery response under Rule 37(a), the Court must award attorney's fees unless the adverse party's failure to disclose was "substantially justified." Fed. R. Civ. P. 37(a)(5)(A)(ii). If a party fails to obey a court order to permit or provide discovery, the court may impose sanctions on the disobedient party, and must order that party to pay the reasonable expenses and attorney's fees caused by the failure, unless the failure was "substantially justified." Fed R. Civ. P. 37(b)(2). A party is "substantially justified" in failing to disclose under Rule 37 if reasonable people could differ in the appropriateness of the contested action. Pierce v. Underwood, 487 U.S. 552, 565 (1988).

To recap the facts briefly: CIBER claims that at the time of the January 18 Order, it was making good-faith efforts to supplement its discovery responses pursuant to Rule 26(e). Def.'s Opp'n at 3. This Court, in an effort to speed discovery and ensure that both parties met the discovery deadline (which was March 1 at the time), ordered CIBER to provide internal emails to CK by February 1. CIBER did produce some documents in response to that order, but also claimed that Rule 26(b)(2)(B)'s undue burden exemption excused them from producing emails stored in backup tapes, Def.'s Opp'n at 5. After discussion with this Court, both parties stipulated to [11] an Order compelling CIBER to produce the emails from the backup tapes by March 8, and CIBER complied with that order.

Although this Court found CIBER's discovery responses insufficient in its orders of both January 18 and February 17, CIBER's justifications for nondisclosure, combined with its timely responses to both orders, were not so unreasonable as to require sanctions under Rule 37(a). Compare Edmond v. Am. Educ. Servs., 823 F. Supp. 2d 28 (D.D.C. 2011) (no discovery sanctions issued where party is inconvenienced by delays in production but not prejudiced) with Perez v. Berhanu, 582 F. Supp. 2d 87, 90 (D.D.C. 2008) (discovery sanctions issued where plaintiff repeatedly failed to respond to defendant's discovery requests and provided no justification for doing so). CIBER agreed to a reasonable compromise that would reduce (but not eliminate) the technological burden of conducting a broader search, and it timely complied with the stipulated order implementing that compromise. Moreover, there is no suggestion that CIBER delayed or withheld materials in bad faith.

Because the Court will not grant attorney's fees under either Rule 37(a) or Rule 37(b), CK's motion for attorney's fees will be denied.

## III. Conclusion

Accordingly, it is hereby **ORDERED** that plaintiff CapitalKeys, LLC's Motion to Recover Attorney's Fees Under Rule 37 [Docket Entry 18] is **DENIED**.

**SO ORDERED.**

/s/
JOHN D. BATES
United States District Judge

Dated: July 13, 2012